# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4605 | **DATE** | 11/27/2002 |
| **CASE TITLE** | Flanders vs. National Diamond Syndicate | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants Flanders' motion to remand (7-1). Kuwayama's motion to dismiss (11-1) is denied as moot. Flanders request for an award of attorney's fees is denied. The case is hereby remanded to the Circuit Court of Cook County.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | DEC 0 2 2002 | |
| | OR | courtroom deputy's initials | 02 NOV 27 PM 4:08 | date mailed notice |
| | | | Date/time received in Central Clerk's Office | mailing deputy initials |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLANDERS DIAMOND USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02 C 4605 |
| ) | |
| NATIONAL DIAMOND SYNDICATE, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| KUWAYAMA EUROPE, n.v., ) | |
| ) | |
| Counterclaim Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Flanders Diamond USA, Inc. sued National Diamond Syndicate, Inc. in state court seeking relief from an allegedly defamatory and disparaging brochure that National distributed at a diamond trade show in Las Vegas. Flanders asserted several state law claims, most of which require it to prove the falsity of certain statements in National's brochure concerning Flanders' marketing and sale of its patented "Flanders Brilliant Cut Diamond." National removed the case to this Court, contending that Flanders' claims arise under federal law, in that Flanders' right to relief "necessarily depends on substantial questions of federal patent law." Notice of Removal ¶ 6. National also counterclaimed against Kuwayama Europe, n.v., one of Flanders' affiliates, asserting state law claims for defamation and disparagement based on representations Kuwayama made concerning the marketing and sale of

certain of National's diamonds. Flanders has moved to remand the case to state court, and Kuwayama seeks to dismiss National's counterclaim. Both parties argue that removal was improper.

The Court agrees with Flanders and Kuwayama that removal was improper. For the reasons set forth below, Flanders motion to remand is granted, and the case is remanded to the Chancery Division of the Circuit Court of Cook County.

## FACTUAL BACKGROUND

Both Flanders and National are corporations engaged in the marketing and sale of diamonds. Since at least October 2000, they have been in conflict over their respective rights to market and sell a certain style of diamond known as the "square brilliant cut-cornered diamond." Flanders Complaint, ¶ 3. Under the trade name "Elara," Flanders markets and sells a square brilliant cut-cornered diamond over which it claims patent and copyright protection. National sells similar diamonds and disputes the scope and validity of Flanders' patent. On October 12, 2000, National filed an action in federal court seeking a declaratory judgment that Flanders' design patent is invalid and that National's marketing and sales activities do not infringe on any patent rights that Flanders might assert. That litigation is ongoing.

The facts underlying the lawsuit currently before this Court developed between May 31 and June 4, 2002, when representatives of Flanders and National attended a diamond trade show in Las Vegas. During the trade show, National distributed a brochure comparing Flanders' Elara diamonds with National's "Ideal Square Cut, Flanders Cut" diamonds. The brochure made several claims concerning the originality of Flanders' diamonds. Specifically, National's brochure asserted that "Elara ... shrouds its Flanders Cut diamonds in the aura of "originality" and "patent and copyright protection," and that "[t]he Flanders Cut diamond was designed by a North American gemologist years before

2

Elara claims. ... [i]t was supposed to be distributed by Elara, *not* renamed and patented by them."

Plaintiff's Exhibit D (emphasis in original). Based on these statements and others contained in National's brochure, Flanders filed suit in Illinois state court on June 14, 2002, claiming commercial disparagement, defamation, tortious interference with prospective business advantage, and violations of the Uniform Deceptive Trade Practices Act and the Illinois Consumer Fraud Act.

On June 27, 2002, National removed the case to this Court. As its sole basis for removal, National argued that several of Flanders' claims arise under federal law. As National characterized Flanders' complaint, "at least Counts I, III, and VI" ... require Flanders to prove that National's statements "regarding the development, inventorship, scope, validity and/or enforceability of [Flanders'] patent were false." Notice of Removal, ¶ 6. According to National, "such a showing of falsity necessarily depends on substantial questions of federal patent law." *Id.*

On July 29, 2002, National answered Flanders' complaint and filed a counterclaim against Kuwayama Europe, n.v., a company affiliated with Flanders.[1] The counterclaim accused Kuwayama of falsely asserting the validity the "Flanders Brilliant" patent and also included state law claims for defamation and commercial disparagement.

## DISCUSSION

A civil action brought in state court may be removed to federal court only if a federal court could have exercised original jurisdiction over the case. 28 U.S.C. §1441(a); *Caterpillar Inc. v.*

---

[1] According to the pleadings, Kuwayama Europe, n.v., is the formal assignee of record of the "Flanders Brilliant" design patent (U.S. Patent No. Des. 338, 851). Answer to Counterclaim, ¶¶ 21-22. Flanders Diamond U.S.A., Inc. was formed by "one or more officers, directors, shareholders and/or employees of Kuwayama" for the purpose of distributing "Flanders Brilliant" diamonds, and it is licensed to do so. *Id.* at ¶ 23.

*Williams*, 482 U.S. 386, 392 (1987); *Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1571 (Fed. Cir. 1997). District courts have original jurisdiction over "any civil action under any Act of Congress relating to patents." 28 U.S.C. §1338(a). A claim arises under the patent laws, however, only if patent law creates the cause of action or is a necessary element of one of the plaintiff's well-pleaded claims. *Christianson v. Colt Industries Operating Corp*, 486 U.S. 800, 808-09 (1988); *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 986 F.2d 476, 478 (Fed. Cir. 1993) ("section 1338(a) gives district courts jurisdiction over causes of action created by federal patent law and causes of action whose resolution depends on a substantial question of federal patent law").

Under the "well-pleaded complaint" rule, "whether a case 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration ... .'" *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 122 S.Ct. 1889, 1893 (2002) (quoting *Christianson*, 486 U.S. at 809). Moreover, "a counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 1894; *FDIC v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986). The substance and contents of Flanders' complaint therefore controls our analysis.

National concedes that none of Flanders claims are made under any provision of federal patent law. It argues, however, that Flanders' right to relief is "inextricably intertwined" with the resolution of a substantial question of patent law. Defendant's Response at 2. Specifically, National contends that Flanders cannot recover on its Illinois statutory claims or on its common law claims for defamation and commercial disparagement without proving the validity and enforceability of the "Flanders Brilliant"

4

design patent. We disagree.

As National correctly points out, Flanders' actions for defamation and commercial disparagement require it to prove the falsity of certain statements contained in National's brochure. *See Barry Harlem Corp. v. Kraff,* 273 Ill. App. 3d 388, 396, 652 N.E.2d 1077, 1083 (1995) (commercial disparagement claim requires plaintiff to show that defendant made false and demeaning statements regarding plaintiff's goods and services); *Parker v. House O'Lite Corp.,* 324 Ill. App. 3d 1014, 1020, 756 N.E.2d 286, 292 (2001) (defamation claim requires proof that defendant made false statement about plaintiff). Flanders' claims under the Illinois Consumer Fraud Act and Uniform Deceptive Business Practices Act likewise require proof that National's brochure contained false or misleading representations of fact. *See* 815 ILCS 505/2; 815 ILCS 510/2. It is clear to the Court, however, that Flanders could establish the falsity of each of the statements made in National's brochure without reference to any issue involving federal patent law.

National's brochure makes several assertions of fact regarding the origins and development of the "Flanders Brilliant" diamond design. Yet the brochure stops short of suggesting that Flanders' patent is either invalid or unenforceable. This means that Flanders could prove National's statements false without affirmatively establishing the validity or enforceability of its patent. For instance, National's brochure claims that Flanders "shrouds its Flanders Cut diamonds in the aura of 'originality' and patent and copyright protection." Plaintiff's Exhibit D. In order for Flanders to prove this statement false, it must show that its Elara diamonds are original. Originality need not involve patentability. As Flanders points out, it could sustain its burden through proof of the steps taken by the diamonds' designer to create the "Flanders Brilliant" design; reference to patent law would be

unnecessary. Likewise, Flanders must show that its diamonds are not "shrouded" in an "aura" of patent protection. But this could be accomplished simply through proof that Flanders has in fact been awarded a design patent covering its Elara diamonds. Because Flanders can prove the essential elements of its claims independent of the patent laws, this Court lacks "arising under" jurisdiction. *See Christianson*, 486 U.S. at 813 (explaining that "the appearance on the complaint's face of an alternative non-patent theory [of recovery] compels the conclusion that the ... claim does not 'arise under' patent law.").

We reject National's position that the Federal Circuit's decisions in *Additive Controls* and *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998), should control the result here. In each of those cases, the Federal Circuit upheld the removal to federal court of state tort law actions that turned on questions of patent infringement, validity and enforceability. In both *Additive Controls* and *Hunter Douglas*, however, those substantial questions of patent law were directly at stake in the proof of the plaintiff's allegations. In *Additive Controls*, the defendant's allegedly disparaging statement was its accusation that plaintiff had infringed defendant's patent, thus requiring plaintiff to disprove patent infringement to prove the statement's falsity. *Additive Controls*, 986 F.2d at 476. In *Hunter Douglas*, the plaintiff's claim was based on defendant's allegedly false statements regarding the scope and validity of defendant's patent, which likewise required the plaintiff to prove matters involving patent law in order to prevail. *Hunter Douglas*, 153 F.3d at 1329. Flanders, however, has not placed any substantial question of patent law at issue by its claims. Though some of its allegations refer to National's attacks on the validity of Flanders' patent, the question of patent validity need not be resolved in order for Flanders to prevail.

It makes no difference that the validity of Flanders' patent might be raised as part of National's defense. *See Christianson,* 486 U.S. at 809 ("a case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case'") (*quoting Franchise Tax Board of California v. Construction Laborer's Vacation Trust,* 463 U.S. 1, 14 (1983)). Moreover, National's counterclaim, though it is focused directly on Flanders' patent's scope and validity, cannot provide an independent source of "arising under" jurisdiction. *See Holmes Group,* 122 S.Ct. at 1893. As the Supreme Court has often explained, the "well-pleaded complaint" doctrine allows the plaintiff, as the master of the complaint, to have its cause heard in state court so long as it eschews claims based on federal law. *See, e.g., Caterpillar,* 482 U.S. at 398-99. Because patent law forms no essential element of Flanders' complaint, this Court lacks federal question jurisdiction over the case.

As noted earlier, National's Notice of Removal relies only on federal question jurisdiction as the basis for removal. In its motion to remand, however, Flanders also argued that diversity jurisdiction is lacking. The parties appear to be of diverse citizenship; according to the pleadings, National is incorporated in Illinois and has its principal place of business there, whereas Flanders is a New York corporation and maintains its principal place of business in that state. Flanders argues, however, that the amount in controversy does not meet the statutory minimum requirement of $75,000.00. Motion to Remand at 4. In its response, National fails to dispute this argument. The party that removed the case bears the burden of demonstrating that the jurisdictional requirements have been satisfied. *See Chase v. Shop 'N Save Warehouse Foods Inc.,* 110 F.3d 424, 427 (7th Cir. 1997). National has failed to

7

carry its burden.[2]

## CONCLUSION

For the reasons stated above, the Court grants Flanders' motion to remand [docket item 7-1]. Kuwayama's motion to dismiss [docket item 11-1] is denied as moot. Flanders request for an award of attorney's fees is denied. The case is hereby remanded to the Circuit Court of Cook County, Chancery Division.

Date: November 27, 2002

MATTHEW F. KENNELLY
United States District Judge

---

[2] Because National has failed to establish the requisite amount in controversy, the Court need not address the parties' dispute over the "forum defendant" rule.